UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL HOMRICH,

        Plaintiff,

v.                                 Case No. 1:13-cv-480
                                 Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income (SSI).

Plaintiff was born on January 15, 1971 (AR 178).[1] He alleged a disability onset date of January 1, 1984 (when he was 12 years old) (AR 178). By way of background, plaintiff had previously filed an application for SSI on October 21, 2009 (AR 60-76). The application was ultimately denied by Administrative Law Judge (ALJ) Donna J. Grit in a decision dated September 15, 2011 (AR 60-76). In that decision, plaintiff also alleged a disability onset date of January 1, 1984 (AR 60). After a hearing held on August 22, 2011, ALJ Grit found that plaintiff could perform his past relevant work as a machine operator and had not been under a disability, as defined by the Social Security Act, since October 21, 2009 (AR 60, 75-76). Plaintiff filed the present application for SSI on October 4, 2011 (AR 178). In his decision denying benefits with respect to the present

_____

[1] Citations to the administrative record will be referenced as (AR "page #").

application, ALJ Douglas W. Johnson found that the findings contained in ALJ Grit's prior decision remained applicable and adopted those findings (AR 16).[2]

Plaintiff earned a GED in 1988 and has been employed as a factory worker (machine operator) and general laborer for lawn service companies (AR 25, 180, 190). Plaintiff identified his disabling conditions as: ADHD (attention deficit hyperactivity disorder); hearing impaired; depression; and degenerative discs (AR 189). ALJ Johnson reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on January 4, 2013 (AR 16-27). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence.

---

[2] The Court notes that ALJ Johnson referred to the earlier application as involving disability insurance benefits rather than SSI (AR 16). However, a review of ALJ Grit's decision indicates that plaintiff's earlier application sought only SSI (AR 60-76).

2

*Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work

through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since her SSI application date of October 4, 2011 (AR 18). Second, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease status-post L4-L5 fusion; asthma; hearing loss; ADHD; depression; generalized anxiety disorder (GAD); antisocial personality disorder; and polysubstance abuse (20 C.F.R. § 416.920(c)) (AR 18). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). Specifically, plaintiff did not meet the requirements of Listings 12.04 (affective disorders), 12.05 (intellectual disability), 12.06 (anxiety

related disorders), 12.08 (personality disorders), or 12.09 (substance addiction disorders) (AR 19-20).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> . . . to perform light work as defined in 20 CFR 416.967(b) except that he can climb ramps and stairs less than frequently, but never climb ladders, ropes, or scaffolds. He can less than frequently balance, stoop, kneel, crouch, or crawl. The claimant should work in environments with a noise intensity level of moderate or less, or that provide the constant use of hearing protection. He should avoid concentrated exposure to workplace hazards such as dangerous moving machinery and unprotected heights, as well as dusts, fumes, gases, odors, and poorly ventilated areas. The claimant should have less than frequent contact with the public, co-workers, and supervisors, but he retains the ability to perform simple, routine, repetitive tasks.

(AR 21). The ALJ also determined that plaintiff could perform his past relevant work as a machine operator (AR 25). This past work was light and unskilled and did not require performance of work-related activities precluded by his RFC (AR 25). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since October 4, 2011, the date the application for SSI was filed (AR 21-22).

## III.  ANALYSIS

Plaintiff has raised two issues on appeal:

**A.      Did the Commissioner err by ignoring the State of Michigan's determination that plaintiff is disabled contrary to 20 C.F.R. § 416.912(b)(5) and Social Security Ruling (SSR) 06-3p?**

Plaintiff contends that ALJ Johnson erred because his opinion was devoid of any mention of the determination by the State of Michigan Department of Human Services (DHS) that plaintiff was disabled as of November 9, 2011 (AR 156-59). In this regard, the administrative record includes a portion (i.e., pages one and two of six pages) of the DHS "Notice of Case Action" (AR 157-58). The notice, dated November 9, 2011, states that plaintiff was approved to receive $269.00 per month of "State Disability Assistance" (AR 157-58). Plaintiff submitted this to the agency in

5

a letter dated November 14, 2011 (AR 156). Plaintiff contends that the ALJ should have reviewed this evidence pursuant to 20 C.F.R. § 416.912(b) which defines "evidence" as "anything you or anyone else submits to us or that we obtain that relates to your claim" and includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind[.]" 20 C.F.R. § 404.1512(b)(5).

While 20 C.F.R. § 416.912(b)(5) includes the DHS award of benefits (i.e., "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind"), this regulation must be read in tandem with 20 C.F.R. § 416.904, which provides that:

> A decision by any nongovernmental or agency any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

Plaintiff also relies on SSR 06-03p,[3] which provides in pertinent part that:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner . . . However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree

---

[3] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 498 (6th Cir. 2006), quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 549 (6th Cir. 2004) (citations omitted).

of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."

Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

SSR 06-03p.

Here, although the ALJ's decision did not explicitly address the DHS award of cash benefits as prescribed by SSR 06-03p, the ALJ did address the two cryptic opinions which were submitted in support of that award. "[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004). As the party attacking the agency's determination, plaintiff has the burden of establishing that the error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009). "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).

Plaintiff has not met his burden in this case. In his brief, plaintiff points out that the record included two Medical Needs forms for the DHS completed by plaintiff's physicians. Plaintiff's Brief at p. 11. One form, from Mohammed Irfan, M.D., dated September 19, 2011,

diagnosed plaintiff with major depression and ADD (AR 419).  A second form from Bobga

Fomunung M.D., dated October 31, 2012, diagnosed plaintiff with major depression (AR 421).  In

each opinion, the doctor stated, without further explanation, that plaintiff could not work at either

his "usual occupation" or "at any job" for one year (AR 419, 421).  These are the only opinions in

the record directed to the DHS.  Under these circumstances, the ALJ's failure to address the DHS

award was harmless error. The ALJ gave little weight to these opinions, finding that they were

inconsistent with the treatment notes (AR 24, 463-73).  Thus, while these opinions may have been

sufficient to obtain a DHS award, they were not sufficient to establish disability for SSI.  Although

the DHS award was apparently based on plaintiff's mental condition, the DHS did not request a

psychological evaluation of plaintiff until *after* awarding him benefits (AR 592-604).  Robert J.

Baird, Ph.D., performed the evaluation on January 2, 2013, two days before ALJ Johnson entered

his decision denying SSI (AR 592-604).  As discussed, *infra*, this evaluation was not part of the

administrative record reviewed by the ALJ, having been sent to the Appeals Council with a cover

letter dated February 10, 2013 (AR 592-604).

      Plaintiff's claim of error will be denied.

    **B.**    **Is a sentence six remand required to consider new
and material evidence that was submitted to the
Appeals Council but was unavailable at the time of
the hearing?**

      Plaintiff contends that this matter should be remanded pursuant to sentence six of 42

U.S.C. § 405(g) for further consideration of a newly-submitted psychological evaluation performed

by Dr. Baird. (AR 592-604).  When a plaintiff submits evidence that has not been presented to the

ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue

a sentence-six remand under  42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human*

*Services*, 865 F.2d 709, 711 (6th Cir.1988).  Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g).  In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*  "The party seeking a remand bears the burden of showing that these two requirements are met."  *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.  Here, plaintiff has established materiality.  When Dr. Baird evaluated plaintiff in January 2013, the doctor noted: that plaintiff reported four psychiatric hospitalizations since age 13; that plaintiff reported thoughts of suicide in December 2012; that plaintiff reported burning himself with cigarettes when he was depressed and sad; that plaintiff had scars on his forearms reportedly from scrubbing his flesh with a Scotch pad and dousing it with alcohol; that plaintiff reported hallucinations since 2007; and that plaintiff described some paranoid delusions (AR 598-99).  Dr. Baird diagnosed plaintiff with schizoaffective disorder bipolar type with panic features and ADHD, not otherwise specified (AR 603).  Dr. Baird also administered plaintiff the Beck Depression

Inventory for measuring the severity of depression in adults (AR 603).  Plaintiff produced a raw score of 41, "which is considered within the severe range of depression" (AR 603).

Nevertheless, plaintiff has not shown good cause for failing to present this evidence to the ALJ in a timely manner. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  Here, plaintiff contends that he had good cause because the evidence did not exist at the time of the administrative hearing and it was ordered by another governmental agency that had found plaintiff disabled.  Plaintiff's Brief at p. 12.  These are not sufficient facts to demonstrate good cause for failing to enter the evidence in a timely manner.

As discussed, plaintiff filed his application for SSI on October 4, 2011 (AR 178), approximately one month before the DHS provided the notice of case action on November 9, 2011 (AR 157-58).  Plaintiff had more than a year to schedule a consultative examination with Dr. Baird or another psychologist prior to the administrative hearing, which was held on December 12, 2012 (AR 32).  Plaintiff does not detail any obstacles that prevented him from obtaining a consultative examination earlier.  Rather, plaintiff appears to have waited for the DHS examination rather than scheduling his own examination.   A claimant's failure to obtain otherwise-available medical evidence before the hearing does not constitute the "good cause" under 42 U.S.C. § 405(g).  *See Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir.1986) (finding that the claimant did not have good cause for failing to obtain additional medical tests in advance of his

administrative hearing before the ALJ).  Accordingly, plaintiff's request for a sentence-six remand will be denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  Accordingly, the Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion shall be issued forthwith.


Dated:  September 23, 2014                    /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge

11